| | |
|---|---|
| District Court<br>**EL PASO** County, State of Colorado<br>Court Address: Clerk of the Court<br>270 South Tejon Street<br>Colorado Springs, CO 80903 | DATE FILED: April 25, 2022 10:29 AM<br>FILING ID: 8678EA4CFBB6D<br>CASE NUMBER: 2022CV30691 |
| Megan Jenkins<br>Plaintiff,<br>v.<br><br>USAA Casualty Insurance Company<br>Defendant. | ▲ Court Use Only ▲ |
| Attorneys for the Plaintiffs:<br>Patrick D. Mika, #12425<br><br>MIKA & ASSOCIATES, P.C.<br><br>630 North Tejon Street<br>Colorado Springs, CO 80903<br>Phone Number: 719-473-1500<br>Fax 719-473-1666<br>E-Mail: pmikalaw@gmail.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

**PLAINTIFF**, Megan Jenkins, through counsel, by way of Complaint against the above named Defendant, USAA Casualty Insurance Company, allege and state:

### I. Parties, Venue and Jurisdiction

1. Plaintiff, Megan Jenkins, (hereinafter "Jenkins") is a resident of the State of Colorado.

2. Defendant, USAA Casualty Insurance Company, (hereinafter "USAA"), upon information and belief is a foreign Corporation with its corporate headquarters located at 9800 Fredericksburg Road, San Antonio, Texas 78288, however, USAA avails itself to and is subject to the laws, jurisdiction, and venue of the State of Colorado by entering Colorado for the purpose of conducting business with the general public and citizens of Colorado. USAA maintains numerous physical locations and places of business throughout the State of Colorado. USAA identifies its registered agent as the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

1

3. Venue is also proper in the County of El Paso, Colorado under Colorado Rules of Civil Procedure Rule 98 (c)(1).

## II. Background Facts.

4. Plaintiff Jenkins hereby incorporates paragraphs 1 through 3 herein by reference.

5. At all times relevant, Megan Jenkins, was a customer of automobile insurance through USAA, which included coverage for personal liability and underinsured motorists coverage in the amount of $100,000 per person / $300,000 per accident and medical payment insurance with a coverage amount of $50,000.

6. The policy was in effect on December 1, 2017.

7. On December 1, 2017 at 1:43 pm, Plaintiff Jenkins was driving northbound on South Nevada Avenue in Colorado Springs, Colorado in her Ford Escape at 35 miles per hour. Traffic was stopped in the roadway. Jenkins came to a stop behind a Jeep Wrangler that was in the line of stopped traffic just after the intersections of South Nevada Avenue and East Brookside Street.

8. At the same time and place the at-fault driver, Breanna Davis was driving her Ford Escape northbound on South Nevada Avenue at approximately 35 miles per hour behind Jenkins. As she came upon the stopped traffic, Davis did not come to a stop.

9. Davis struck the rear of Jenkins vehicle at approximately 35 miles per hour. The impact from the collision caused Jenkins vehicle to propel forward and strike the vehicle stopped in front of her.

10. Following the accident, Jenkins experienced pain in her left arm, ribs, right foot, right knee, back, neck, and constant headaches. She experienced concussion symptoms for months after the accident

11. Jenkins suffered serious and significant consequences from the accident including but not limited to: physical and mental pain and suffering, expenses for medical treatment, rehabilitation, and other related expenses, inconvenience, emotional distress, property damage and permanent and residual physical injuries and losses.

12. Jenkins has followed medical advice from her providers. She continues to have ongoing treatment for her injuries, and she is following the instructions of her providers.

13. On April 24, 2022, Jenkins received an offer of settlement from USAA for the at-fault driver's policy limits in the amount of $25,000. At that time, Plaintiff Jenkins, through counsel sent a letter to USAA requesting permission to settle the case with USAA for the liability claim. USAA granted permission to settle and acknowledged

that settling with the claim did not prejudice Ms. Jenkins' ability to present an Underinsured Motorist claim with USAA.

14. Ms. Jenkins ultimately settled with the at fault driver for their policy limits of $25,000 however, the settlement was inadequate to fully compensate Ms. Jenkins for her damages and losses.

15. On July 6, 2020, Jenkins received a Fisher payment from USAA for $10,618.88.

16. USAA has been kept informed of all of Ms. Jenkins' treatment and supplied with Ms. Jenkins' medical and billing records.

17. Jenkins has incurred $26,054.71 in medical expenses to date and is still actively treating her injuries.

18. On March 17, 2022, an underinsured motorist policy limits settlement demand for $89,381.12 was made to USAA by Mika & Associates on behalf of Jenkins.

19. On March 25, 2022, Jenkins through counsel received a counteroffer from USAA of $20,000.

20. On April 4, 2022, Jenkins through counsel sent a counteroffer of $78,000 to USAA.

21. On April 7, 2022, USAA sent a counteroffer of $22,500 to Jenkins through counsel.

22. On April 18, 2022 Jenkins through counsel sent a counteroffer of $70,000 to USAA.

23. On April 18, 2022 USAA sent a counteroffer of $25,000 to Jenkins through counsel.

24. On April 18, 2022 Jenkins through counsel sent a counteroffer of $63,500 to USAA.

25. On April 19, 2022 in response to the offer to settle Jenkins claim with USAA for $63,500, USAA did not move from their last offer of $25,000. USAA stated that $25,000 was their best offer at that time. This does not adequately compensate Jenkins for her injuries, past and future medical expenses, and pain and suffering from her accident.

26. It was clear that USAA was not going to further negotiate in good faith. Mika & Associates on behalf of Jenkins sent a letter on April 19, 2022 giving USAA the opportunity to continue settlement negotiations. Jenkins and Mika & Associates have not received any additional correspondence from USAA.

27. Jenkins has complied with all of USAA's policy provisions and applicable Colorado laws regarding this matter, including obtaining permission to settle with the liable party's insurance carrier.

28. Megan Jenkins negotiated in good faith with USAA providing them with all available documentation of her injuries and losses. Throughout the settlement discussions, Ms. Jenkins, through counsel has negotiated in good faith and provided all requested information within her power to demonstrate the extensive impact of the accident.

29. At all times relevant, USAA had a duty to act in good faith and fair dealing with regard to the evaluation and payment of benefits under the policy.

30. On April 19, 2022, USAA indicated that a $25,000 settlement was their best offer to settle Jenkins' claim. The USAA settlement offer is inadequate and an unreasonable measure of compensation of the damages sustained by Ms. Jenkins.

31. USAA's valuation of Jenkins' claim has resulted in an unreasonably low settlement offer which does not assign a reasonable value to her claim. USAA has acted in bad faith towards their premium paying insured, Megan Jenkins.

### III. Claims for Relief

### FIRST CLAIM FOR RELIEF
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32. Plaintiff Jenkins hereby incorporates paragraphs 1 through 31 herein by reference.

33. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff Jenkins by the unreasonable manner in which they have processed her claim.

34. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by unreasonable and intentional misconduct in conscious disregard of Plaintiff in the following respects:

    A. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability is clear

    B. Improperly reducing the amount of benefits paid to the insured based upon biased and predictable reports of paid reviewers and case managers

    C. Failing to disclose to the insured the secret criteria USAA uses to pass judgement on claims for medical bills

    D. Subjecting its insured's underinsured motorist claims to a slanted, predictable and unfair review procedure designed to produce favorable results which USAA can use to avoid payment of legitimate claims

  E. Subjecting Plaintiff to USAA's secret profit goals which require and motivate USAA claims handlers to deny claims and/or reduce the amounts paid out on claims

  F. Sacrificing Plaintiff's interests for security, fair treatment, and payment of injuries under her policy for the purpose of meeting USAA's quantifiable profit-making goals

35. As a result of the aforementioned wrongful conduct of the Defendant, Plaintiff Jenkins has suffered damages in an amount to be shown at trial.

36. As a further result of the aforementioned wrongful conduct of the Defendant, Plaintiff has suffered anxiety, worry, fear, humiliation, and mental and emotional distress in an amount to be shown at trial.

37. Defendant's conduct has been undertaken intentionally, willfully, and surreptitiously with the intent to harm its insured and in conscious disregard of the rights of the Plaintiff.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

38. Plaintiff Jenkins hereby incorporates paragraphs 1 through 37 herein by reference.

39. At all times relevant to this action, Plaintiff Jenkins had a contractual agreement with USAA to provide underinsured motorist coverage in the event an at fault driver was incapable of providing sufficient compensation through insurance or other means.

40. Plaintiff Jenkins underinsured motorist coverage is $100,000 per person/ $300,000 per accident. Ms. Jenkins has faithfully paid all premiums without any lapse in coverage.

41. At all times relevant to this action, Plaintiff Jennings has faithfully and diligently lived up to her contractual obligations and made timely premium payments.

42. Defendant breached their contract with Plaintiff in that they acted unreasonably by failing to negotiate in good faith and/or take any action to settle the matter and pay appropriate compensation for her injuries.

43. Defendant, by and through their agents, acted in a willful and wanton manner in failing to settle the claim and offering an unlawfully inadequate settlement amount, requiring Plaintiff to file this suit to obtain judgment for its insurance benefits.

44. Defendant knew or should have known that the unlawful delay of benefits owed to Plaintiff Jenkins would cause her to suffer the personal insult that is inherent in the nature of their willful and wanton behavior.

45. As a direct and proximate result of Defendant's failure to pay amounts fairly due on the policy, plaintiff has suffered uncompensated damages incurred in the accident, including but not limited to mental and physical pain and suffering, lost income and physical disfigurement in an amount exceeding the policy limits of $100,000.

46. Defendant's willful and wanton conduct and position on the claim caused Plaintiff damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### STATUTORY COMPLAINT

47. Plaintiff Jenkins hereby incorporates paragraphs 1 through 46 herein by reference.

48. At all times relevant there existed in full force and effect CRS §10-3-1115, and which statutes provide that an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed."

49. As demonstrated above, Defendant USAA breached their statutory duty to act reasonably in the negotiations/settlement process, unreasonably delayed consideration of a duly submitted claim and failed to pay benefits due and owing under the policy.

50. As a direct and proximate cause of Defendant's breach of their statutory duty Plaintiff Jenkins has suffered uncompensated damages incurred in the subject accident that are due and owing by Defendant USAA.

### FOURTH CLAIM FOR RELIEF
### OUTRAGEOUS CONDUCT

51. Plaintiff Jenkins hereby incorporates paragraphs 1 through 49 herein by reference.

52. Defendant's conduct of delaying benefits to Plaintiff was extreme and outrageous and an abuse of a position in which Defendant USAA has actual or apparent authority to affect Plaintiff's interests.

53. Defendant's outrageous conduct may be inferred from the misuses of power and authority inherent in the relationship of insurer and insured.

54. The Defendant engaged in conduct recklessly or with the intent of causing the Plaintiff severe emotional distress.

55. The Plaintiff incurred severe emotional distress which was caused by the Defendant's conduct.

**WHEREFORE**, the Plaintiff, Megan Jenkins, requests judgement against the Defendant, USAA Casualty Insurance Company, as follows:

A. For damages caused to Plaintiff as a result of Defendant's breach of contract

B. For prejudgment interest on unpaid benefits

C. For treble damages

D. Statutory damage pursuant to CRS §10-3-1116, of attorney's fees, court costs and twice the benefit provided by the contact

E. For such other further relief as this court deems just and proper

## JURY DEMAND

Plaintiffs Demand a Jury Trial to a Jury of six persons on all claims.

DATED this 25th day of April, 2022.

Respectfully submitted,

Patrick D. Mika, #12425

MIKA & ASSOCIATES, P.C.

630 North Tejon Street
Colorado Springs, CO 80903

Attorney for Plaintiff